1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAMON MUNOZ,                                Case No.  1:24-cv-00618-CDB

12                    Plaintiff,                  **ORDER REQUIRING PLAINTIFF TO
                                                  SHOW CAUSE RE SUPPLEMENTAL**
13           v.                                   **JURISDICTION**

14    TEXAS ROADHOUSE OF                          <u>14-Day Deadline</u>
      BAKERSFIELD, LLC, *et al.*,
15
                      Defendants.
16

17           On May 24, 2024, Plaintiff Ramon Munoz initiated this action against Defendants Texas

18    Roadhouse of Bakersfield, LLC, and GS Portfolio Holdings, LLC.  (Doc. 1.)  In his complaint,

19    Plaintiff asserts claims for injunctive relief and attorneys' fees under the Americans with

20    Disabilities Act of 1990 ("ADA"), and a claim for statutory damages and attorneys' fees under

21    California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51-53.  (*Id.*).

22           Based upon the recent Ninth Circuit opinion in *Vo v. Choi*, this Court will order Plaintiff

23    to show cause why the Court should not decline to exercise supplemental jurisdiction over

24    Plaintiff's Unruh Act claim. *See* 28 U.S.C. § 1367(c); *Vo v. Choi*, 49 F.4th 1167 (9th Cir. 2022)

25    (holding the district court properly declined to exercise supplemental jurisdiction in a joint Unruh

26    Act and ADA case).

27           In the Unruh Act, a state law cause of action expands the remedies available in a private

28    action. California, in response to the resulting substantial volume of claims asserted under the

                                                   1

1    Unruh Act and the concern that high-frequency litigants may be using the statute to obtain

2    monetary relief for themselves without accompanying adjustments to locations to assure

3    accessibility to others, enacted filing restrictions designed to address that concern.  *Arroyo v.*

4    *Rosas*, 19 F.4th 1202, 1211–12 (9th Cir. 2021).  These heightened pleading requirements apply to

5    actions alleging a "construction-related accessibility claim," which California law defines as "any

6    civil claim in a civil action with respect to a place of public accommodation, including but not

7    limited to, a claim brought under Section 51[ ], based wholly or in part on an alleged

8    violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1).

9         In response to perceived abuses of the Unruh Act, California has enacted requirements for

10    bringing such claims, which requirements the Ninth Circuit has assumed, without deciding,

11    "apply only in California state court." *Vo*, 49 F.4th at 1170.  For example a provision was added

12    (1) regarding the contents of demand letters, Cal. Civ. Code § 55.31; (2) imposing heightened

13    pleading requirements, Cal. Civ. Code § 425.50(a); and (3) requiring an additional filing fee of

14    $1,000 for so called "high-frequency litigants," Cal. Gov't Code § 70616.5(b), *see* Cal. Civ. Code

15    § 425.55(b) (defining a high-frequency litigant to include "[a] plaintiff who has filed 10 or more

16    complaints alleging a construction-related accessibility violation within the 12-month period

17    immediately preceding the filing of the current complaint alleging a construction-related

18    accessibility violation.").

19         By enacting restrictions on the filing of construction-related accessibility claims,

20    California has expressed a desire to limit the financial burdens California's businesses may face

21    for claims for statutory damages under the Unruh Act. *See Arroyo*, 19 F.4th at 1206-07, 1212.

22    The Ninth Circuit has also expressed "concerns about comity and fairness" by permitting

23    plaintiffs to circumvent "California's procedural requirements." *Vo*, 49 F.4th at 1171.  Plaintiffs

24    who file these actions in federal court evade these limits and pursue state law damages in a

25    manner inconsistent with the state law's requirements.  *See generally*, *Arroyo*, 19 F.4th at 1211–

26    12; *Vo*, 49 F.4th at 1171-72.

27         In an action over which a district court possesses original jurisdiction, that court "shall

28    have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Even if supplemental jurisdiction exists, however, district courts have discretion to decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367(c). Such discretion may be exercised "[d]epending on a host of factors" including "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997).

Although the undersigned currently has no information before it to assess whether Plaintiff qualifies under California law as a high-frequency litigant, such status is not necessary or dispositive to the Court's exercise of supplemental jurisdiction under these circumstances. *Vo*, 49 F.4th at 1174 (noting that court was not required to determine whether the plaintiff was in fact a high-frequency litigant).

For these reasons, IT IS HEREBY ORDERED as follows:

1.      Plaintiff is ORDERED to show cause, in writing, within 14 days of entry of this order, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim;

2.      In responding to the show cause order, Plaintiff is further ORDERED to:

    a.   identify the amount of statutory damages Plaintiff seeks to recover; and

    b.   submit a declaration from Plaintiff, signed under penalty of perjury, providing all facts necessary for the Court to determine if he is a "high-frequency litigant;"

3.      Plaintiff is cautioned that the failure to respond may result in a recommendation to dismiss the entire action without prejudice.  Fed. R. Civ. P. 41(b) (stating that dismissal is warranted "[i]f the plaintiff fails to … comply with … a court order"); *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); and

/ / /

/ / /

3

4.      Further, an inadequate response will result in the Court recommending that supplemental jurisdiction over Plaintiff's Unruh Act claim be declined and that the Unruh claim be dismissed pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated:   **May 29, 2024**                    _____

UNITED STATES MAGISTRATE JUDGE